UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ARAZ ALALI,

                        Plaintiff,          07 Civ.

-against-

ROBERT GAZZOLA, individually,
PATRICK J. CARROLL, individually,
and the CITY OF NEW ROCHELLE,
New York,

                        Defendants.

----------------------------------------------------------x



COMPLAINT
**07 CIV. 1296**
Jury Trial Demanded
**BRIEANT**

Plaintiff ARAZ ALALI, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from the conduct of the Defendants engaged in jointly and under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et. seq*, 42 U.S.C. §1981, and 42 U.S.C. §1983.

### JURISDICTION

2. Plaintiff's federal civil rights claims (including a Title VII retaliation claim), as set forth *infra*, are interposed in accordance with 28 U.S.C. §§1331, 1343. Plaintiff's state law claim is made pursuant to 28 U.S.C. §1367. Plaintiff's underlying Title VII claim is the subject of a Charge of Discrimination presently pending before the United States

1

Equal Employment Opportunity Commission. At such time as the EEOC issues a Notice of Right to Sue Plaintiff will seek leave of the Court to amend this complaint.

## THE PARTIES

3. Plaintiff ARAZ ALALI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint he was employed as a Police Officer by the City of New Rochelle, New York, having previously been employed as such by *inter alia* the City of New York. Plaintiff is of Iraqi national origin and as such is the only Police Officer of Middle Eastern descent who has ever been employed by the City of New Rochelle (hereinafter alternatively the "City").

4. Defendant ROBERT GAZZOLA (hereinafter "Gazzola"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as a Police Captain by the City. By reason of the departmental chain of command Gazzola has direct supervisory authority over Plaintiff.

5. Defendant PATRICK J. CARROLL (hereinafter "Carroll"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Commissioner of Police by the City.

6. Defendant CITY OF NEW ROCHELLE, New York (hereinafter "City), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State of New York.

## THE FACTS

7. Commencing almost immediately following Plaintiff's February 2002 transfer to the City's Police Department, and continuing to date, he has been systematically and deliberately subjected to discriminatory and disparate treatment by reason of his national origin, ethnicity and/or color.

8. In that connection Plaintiff has, to Defendants' knowledge and/or at their direction and/or with their active encouragement and condonation, been:

   a. Repeatedly been addressed as: "terrorist"; "Ali Baba", "Camel Jockey" and *inter alia*, "Ali",

   b. Repeatedly been denied any meaningful specialized training, which training is routinely provided by Defendants to Police Officers junior to Plaintiff in seniority,

   c. Forced to attend a seminar concerning "Tools for Tolerance Post 911", which assignment was calculated by Defendants to humiliate and embarrass Plaintiff since he alone has been the departmental target of systemic intolerance by reason of his ethnicity,

   d. Systematically been given calculatedly false "below standard" job performance evaluations (when in fact his job performance has consistently been above average), replete with fabrications and/or falsehoods, which evaluations have served as Defendants' predicate for barring Plaintiff from working on an overtime basis - - thus causing him substantial pecuniary losses,

3

    d. Assigned for months at a time as a "dispatcher" in the Police Department's Communications Room - - even though the dispatcher function is civilian in nature and otherwise performed by non-police employees of the Department,

    e. Forced to work walking posts during a midnight to 8:00 a.m. tour of duty, in heavy rain and/or snow, when there otherwise is no walking post assigned on such a shift,

    f. Forbidden, for substantial periods of time, to operate a police vehicle,

    g. Forbidden, for substantial periods of time, to interact with members of the public while on duty,

    h. Prohibited, by reason of the false "below standard" job performance evaluations, to engage in so-called "mutual switches" of job duty assignments with other sworn members of the Police Department,

    i. Subjected repeatedly to "investigations" of supposed wrong doing under circumstances where no wrong doing occurred and Defendants knew that no wrong doing had occurred, and,

    j. For substantial periods of time being restricted to issuing parking tickets on one street in the City for the purpose of humiliating and degrading him.

    9. As a result of the discriminatory treatment accorded him, Plaintiff has on occasion non-disruptively expressed to Defendants his concerns and in that connection:

    a. On January 7, 2007, advised Carroll that he was the subject of "[p]ersecution based on heritage" and that he was the subject of retaliatory actions "solely based upon [his] middle-eastern heritage", and, *inter alia*,

4

      b. On February 2, 2007, advised Gazzola in a rebuttal to one of many calculated false "below standard" job performance evaluations: "I am being singled out due to my heritage. Being the sole middle-eastern police officer has been hopeless".

    10. As a proximate result of Plaintiff's expressions of concern as evidenced by the preceding paragraph "9", Defendants agreed to punish him by denying Plaintiff tuition reimbursement in the amount of $10,180 which was payable to Iona College for courses taken by Plaintiff in accordance with police departmental policy.

    11. By reason of the continuing discriminatory treatment afforded him and the retaliation imposed because he expressed his opposition to that treatment, on February 12, 2007, Plaintiff duly filed a Charge of Discrimination ("race", "color" and "national origin") with the EEOC.

    12. Also on February 12, 2007, Plaintiff through counsel notified Defendants by fax of the EEOC filing and cautioned that "any retaliation causally the result of that filing is independently actionable in Federal Court for damages".

    13. Aware of Plaintiff's EEOC filing, Defendants again agreed to retaliate against Plaintiff, this time by serving him on February 15, 2007, with a series of frivolous disciplinary charges for the stated objective of penalizing him through the forfeiture of one month's salary. By way of contrast certain other members of the Police Department and personnel employed in the City's Court, who are known to Defendants to have committed both felonies and misdemeanors, have not been subjected to similar disciplinary action - - much less arrest/prosecution.

    14. By reason of Defendants' intentional discriminatory treatment of Plaintiff

he has been: caused substantial pecuniary damages; publicly embarrassed; publicly humiliated; rendered anxious; caused emotional upset; suffered a gross impairment of his professional career; publicly degraded; and otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "14", inclusive.

16. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

## AS AND FOR A SECOND CLAIM

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "14", inclusive.

18. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "14", inclusive.

20. Under the premises the prosecution of the retaliatory disciplinary charges constitutes a selective prosecution violative of Plaintiff's rights as guaranteed by 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "14", inclusive.

22. Under the premises the retaliatory prosecution of the disciplinary charges violates Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et seq*.

## AS AND FOR A FIFTH CLAIM

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "14", inclusive.

24. Under the premises the City's conduct as Plaintiff's employer, and Gazzola and Carroll's conduct as aiders and abettors, violated Plaintiff's rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against Gazzola and Carroll on the First, Second, Third and Fourth Claims such punitive damages as the jury may determine,

    b. Awarding against all Defendants on the First, Second, Third and Fourth Claims such compensatory damages as the jury may determine,

    c. Awarding as against all Defendants on the First, Second, Third and Fourth Claims reasonable attorney's fees and costs,

    d. Awarding on the Fifth Claim such compensatory damages as the jury may determine, and,

  e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
   February 17, 2007

                LOVETT & GOULD, LLP
                By:_____
                  Jonathan Lovett (4854)
                Attorneys for Plaintiff
                222 Bloomingdale Road
                White Plains, N.Y. 10605
                914-428-8401