WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
Attn:  Peter A. Meisels (PM-5018)
        Lalit Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    07 Civ. 1296(CLB)
ARAZ ALALI,

                              Plaintiff,

        -against-                                                **ANSWER**

ROBERT GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW
ROCHELLE, New York,

                              Defendants.
-----------------------------------------------------------x

        Defendants Robert Gazzola, Patrick J. Carroll and the City of New Rochelle, by

their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, for their answer, state

as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations included in ¶ 1 of the complaint.

        2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations included in ¶ 2 of the complaint.

        3.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations included in ¶ 3 of the complaint, except admit that Araz Alali is

employed as a Police Officer by the City of New Rochelle.

1535281.1

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 5 of the complaint, except admit that Robert Gazzola is employed as a Captain by the City of New Rochelle and denies that he has direct supervisory authority over plaintiff.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 5 of the complaint, except admit that Patrick J. Carroll is the Commissioner of the Police of the City of New Rochelle.

6.    Deny the truth of the allegations included in ¶ 6 of the complaint, except admit that the City of New Rochelle is a municipal corporation existing pursuant to the laws of the state of New York.

7.    Deny the truth of the allegations included in ¶ 7 of the complaint.

8.    Deny the truth of the allegations included in ¶ 8 of the complaint, including its various subdivisions (a) through (j).

9.    Deny the truth of the allegations included in ¶ 9 of the complaint, including its various subdivisions (a) and (b).

10.    Deny the truth of the allegations included in ¶ 10 of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 11 of the complaint.

12.    Deny the truth of the allegations included in ¶ 12 of the complaint, except admit that plaintiff's counsel faxed correspondence to the City of New Rochelle regarding a complaint filed with the EEOC and refers the Court to the document itself for its contents.

13.    Deny the truth of the allegations included in ¶ 13 of the complaint.

1535281.1

14.    Deny the truth of the allegations included in ¶ 14 of the complaint.

15.    Repeat and reallege the responses set forth in ¶¶ 1 through 14 above.

16.    Deny the allegations included in ¶ 16 of the complaint and respectfully refer all questions of law to the Court.

17.    Repeat and reallege the responses set forth in ¶¶ 1 through 16 above.

18.    Deny the truth of the allegations included in ¶ 18 of the complaint and respectfully refer all questions of law to the Court.

19.    Repeat and reallege the responses set forth in ¶¶ 1 through 18 above.

20.    Deny the truth of the allegations included in ¶ 20 of the complaint, and respectfully refer all questions of law to the Court.

21.    Repeat and reallege the responses set forth in ¶¶ 1 through 20 above.

22.    Deny the truth of the allegations contained in ¶ 22 of the complaint, and respectfully refer all questions of law to the Court.

23.    Repeat and reallege the response set forth in ¶¶ 1 through 22 above.

24.    Deny the truth of the allegations included in ¶ 24 of the complaint and respectfully refer all questions of law to the Court.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

25.    Plaintiff fails to state a claim for which the Court may grant relief against the defendants.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

26.    Plaintiff failed to exhaust his administrative remedies.

3

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

27.    Defendant Robert Gazzola is protected by the doctrine of absolute immunity.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

28.    Defendant Robert Gazzola is protected by the doctrine of qualified immunity.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

29.    Defendant Patrick J. Carroll is protected by the doctrine of absolute immunity.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

30.    Defendant Patrick J. Carroll is protected by the doctrine of qualified immunity.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

31.    Plaintiff's claims are time-barred.

## AS AND FOR AN EIGTH
## AFFIRMATIVE DEFENSE

32.    Any state law claims are barred by plaintiff's failure to serve a timely notice of claim.

1535281.1

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

33.     Any actions taken in reference to the plaintiff were not taken pursuant to a

policy or custom of the City of New Rochelle.


WHEREFORE, a judgment is respectfully demanded:

a)      Dismissing the complaint,

b)      Awarding to the defendants reasonable counsel fees against the plaintiff,

c)      Awarding to the defendants the costs and disbursements of this action

against the plaintiff, and

d)      Granting such other, further or different relief to the defendants as the

Court deems just and proper.


Dated: White Plains, New York
       April 13, 2007



                                        Yours, etc.

                                        WILSON, ELSER, MOSKOWITZ,
                                           EDELMAN & DICKER LLP
                                        Attorneys for Defendants



                                        By: _____
                                               Peter A. Meisels (PM-5018)
                                        3 Gannett Drive
                                        White Plains, New York 10604
                                        (914) 323-7000
                                        File No.: 07367.00056

1535281.1

## Answers to Complaints
7:07-cv-01296-CLB Alali v. Gazzola et al
ECF


### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Meisels, Peter on 4/13/2007 at 1:15 PM EDT and filed on 4/13/2007

| | |
|---|---|
| **Case Name:** | Alali v. Gazzola et al |
| **Case Number:** | 7:07-cv-1296 |
| **Filer:** | Patrick J. Carroll |
| | City of New Rochelle, New York |
| | Robert Gazzola |

**Document Number:** 6

**Docket Text:**
ANSWER to Complaint. Document filed by Robert Gazzola, Patrick J. Carroll, City of New Rochelle, New York.(Meisels, Peter)


**7:07-cv-1296 Notice has been electronically mailed to:**

Jonathan Lovett    jlovett@lovett-gould.com

Peter Alexander Meisels    meiselsp@wemed.com

**7:07-cv-1296 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=4/13/2007] [FileNumber=3269156-0
] [4e4f75189ee2ab81ea09325992fb25107ccd4245ea32475c9321e2ac061f4098c29
4ddd6b913bacc2fa3827f35c7c6e59e267eb09a0809313c118ebcf558e9cf]]