WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY  10604
(914) 323-7000
Attn:   Peter A. Meisels (PM-5018)
        Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   07 Civ. 1296 (CLB)
ARAZ ALALI,

                Plaintiff,

   -against-    **AFFIDAVIT OF JAMES FORTUNATO**

ROBERT GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW
ROCHELLE, New York,

                Defendants.
------------------------------------------------------------x

STATE OF NEW YORK      )
                       )
COUNTY OF WESTCHESTER  )

      JAMES FORTUNATO, being duly sworn, deposes and says:

      1.    I am a Detective Lieutenant with the New Rochelle Police Department ("NRPD"), and the Supervisor of the Department's Internal Affairs Unit.  As such, I have personal knowledge of the facts set forth below.

      2.    As Supervisor of Internal Affairs, I have access to files and records maintained by the NRPD.

      3.    I have reviewed files maintained by the NRPD pertaining to civilian complaints brought against plaintiff Araz Alali ("Alali").

1622697.1

4. The following is a chronological summary of civilian complaints brought against Alali since he joined the NRPD in February 2002.

5. On or about June 12, 2002, a civilian complaint (#33/02) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

6. On or about August 12, 2002, a civilian complaint (#67/02) was brought against Alali in connection with a motor vehicle accident, alleging that Alali was rude and yelled at the complainant.

7. On or about August 12, 2002, a civilian complaint (#69/02) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

8. On or about October 22, 2002, a civilian complaint (#96/02) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous, and that he refused to give the complainant directions even though she stated that she was lost.

9. On or about February 25, 2003, a civilian complaint (#5/03) was brought against Alali in connection with a parking ticket, alleging that Alali had no "ethical" basis to issue the ticket because Alali often parked his personal car in the same spot.

10. On or about February 26, 2003, a civilian complaint (#4/03) was brought against Alali in connection with a traffic stop, alleging that Alali had racially profiled the complainant and issued the summons without a valid reason.

11. Alali suffered an injury on July 28, 2003, and did not return to active duty until October 1, 2004.

12. On or about October 22, 2004, a civilian complaint (#80/04) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous and issued multiple unnecessary summonses, possibly motivated by racial prejudice.

13. On or about December 5, 2004, a civilian complaint (#91/04) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

14. On or about January 19, 2005, a civilian complaint (#6/05) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

15. On or about January 28, 2005, a civilian complaint (#12/05) was brought against Alali in connection with a traffic stop, alleging that Alali issued unnecessary summonses in order to harass the complainant.

16. On or about April 14, 2005, a civilian complaint (#28/05) was brought against Alali in connection with a traffic stop, alleging that Alali had no valid basis to issue the summons.

17. On or about August 4, 2005, a civilian complaint (#58/05) was brought against Alali in connection with a traffic stop, alleging that Alali looked at the complainant, a female, in an inappropriately suggestive way.

18. On or about December 27, 2005, a civilian complaint (#95/05) was brought against Alali, alleging that Alali was driving his police car in a reckless and unsafe manner, after which Alali followed the complainant and argued with him.

19. On or about January 12, 2006, a civilian complaint (#4/06) was brought against Alali, alleging that Alali used excessive force in an incident involving students at the New Rochelle Public High School.

20. On or about March 3, 2006, a civilian complaint (#14/06) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

21. On or about March 19, 2006, a civilian complaint (#21/06) was brought against Alali, alleging that Alali yelled at the complainant (for parking on the wrong side of the road) and then sped away in his police vehicle in a reckless and unsafe manner.

22. On or about May 6, 2006, a civilian complaint (#31/06) was brought against Alali in connection with a traffic stop, alleging that Alali issued numerous and unnecessary summonses.

23. On or about July 21, 2006, a civilian complaint (#51/06) was brought against Alali in connection with a traffic stop, alleging that Alali was rude and discourteous.

24. On or about August 11, 2006, a civilian complaint (#59/06) was filed by a complainant in connection with a traffic stop, alleging that Alali was rude and discourteous.

25. On or about September 6, 2006, a civilian complaint (#64/06) was filed by the same complainant who filed the August 11, 2006 complaint, alleging that Alali improperly placed him under arrest because of prior incidents.

26. On or about February 27, 2007, a civilian complaint (#6/07) was brought against Alali in connection with a traffic stop, alleging that Alali issued a summons only because of a dispute between Alali and the complainant about work the complainant had performed on an apartment owned by Alali.

27. As a result of the foregoing civilian complaints, the Department has, at various times during Alali's employment with the NRPD, taken remedial measures including sending Alali for retraining, counseling Alali to use courtesy and discretion in dealing with the public, and assigning Alali for "Verbal Judo" training.

28. Verbal Judo is a tactical communications technique in which police officers are trained to use "presence and words" to calm difficult people who may be under severe emotional

or other influences, redirect the behavior of hostile people, diffuse potentially dangerous situations, perform professionally under all conditions and achieve the desired outcome of an encounter.

_____
James Fortunato

Sworn to before me this
30th day of July 2007

_____
Notary Public

LALIT K. LOOMBA
Notary Public, State of New York
No. 60-5006806
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires Jan. 11, 20__

1622697.1