WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: Peter A. Meisels (PM-5018)
  Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    07 Civ. 1296 (CLB)
ARAZ ALALI,

                            Plaintiff,

    -against-

ROBERT GAZZOLA, individually, PATRICK J.
CARROLL, individually, and the CITY OF NEW
ROCHELLE, New York,

                           Defendants.
-------------------------------------------------------------X


# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THEIR MOTION
# FOR SUMMARY JUDGMENT


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendants
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

WPDOCS01 1827010v.1

## Introduction

Defendants Robert Gazzola ("Gazzola"), Patrick J. Carroll ("Carroll") and the City of New Rochelle (the "City") (collectively, the "Defendants") respectfully submit this reply memorandum of law in further support of their motion for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on grounds of absolute and qualified immunity.

## Preliminary Statement

Alali's entire opposition to the Defendants' motion is a one-page affirmation from his attorney stating that the motion should be denied with leave to renew under FRCP Rule 56(f). The attorney's affirmation submitted by Alali is not sufficient to avoid summary judgment.

## Argument

### PLAINTIFF'S ATTORNEY'S AFFIRMATION IS NOT SUFFICIENT UNDER RULE 56(f)

To oppose a motion for summary judgment under Rule 56(f) of the Federal Rules of Civil Procedure, it is incumbent upon the non-moving party to submit an affidavit showing, among other things, "'(1) what facts are sought . . . and how they are to be obtained, [and] (2) how those facts are reasonably expected to create a genuine issue of material fact.'" *Bill Diodato Photography, LLC v. Kate Spade, LLC,* 388 F. Supp2d 382, 395 (S.D.N.Y. 2005) (quoting *Gurary v. Winehouse,* 190 F.3d 37, 43 (2d Cir. 1999)). In addition "'even where a Rule 56(f) motion is properly supported, a district court may refuse to allow additional discovery if it deems the request to be based on speculation as to what potentially could be discovered.'" *Id.* (quoting *National Union Fire Ins. Co. v. Stroh Co.,* 265 F.3d 97, 117 (2d Cir. 2001)). "[A] bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f).'" *Delena v. Verizon New*

*York Inc.,* 2006 U.S. Dist. LEXIS 53576, at *4-5 (S.D.N.Y. Aug. 2, 2006) (quoting *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir. 1994)).

In the instant case, Alali has fallen far short of the showing required by Rule 56(f) to successfully oppose a motion for summary judgment. According to his attorney's affirmation, Alali believes in "good faith" that there is "evidence" that will demonstrate the falsity of the factual assertions made by Defendants. Affirmation of Jonathan Lovett, at ¶3. But the affirmation does not even begin to explain which facts are sought, how they would be obtained and why such facts could reasonably be expected to create a fact issue requiring a trial. *See Jenkins v. City of New York,* 2000 U.S. App. LEXIS 12551, at *2 (2d Cir. 2000) (Brieant, J., sitting by designation) ("[t]he failure to file a formal affidavit demonstrating the need for additional discovery under Rule 56(f) is fatal to such a claim").

Alali's speculative reference to evidence that might demonstrate the falsity of the Defendants' factual assertions is seriously, if not fatally, compromised by his failure to submit a counterstatement of facts as required by Local Rule 56.1(b). Under Rule 56.1(b) of the Local Civil Rules of the United States District Court for the Southern District of New York, a plaintiff opposing a motion for summary judgment "shall" submit "a separate, short and concise statement of the material facts as to which [he contends] there exists a genuine issue to be tried." S.D.N.Y. Local Rule 56.1(b). Local Rule 56.1(c) provides that "[a]ll material facts set forth in the statement to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." S.D.N.Y. Local Rule 56.1(c).

Here, the Defendants served a statement of undisputed facts, as required by Local Rule 56.1(a), in support of their present motion. In opposing the motion, however, Alali failed to

submit a counterstatement as required by Local Rule 56.1(b). The only document filed by Alali in opposition to Defendants' motion is the affirmation of his attorney. Accordingly, under Local Rule 56.1(c), all of the material facts set forth in the Defendants' statement must be deemed admitted by Alali. S.D.N.Y. Local Rule 56.1(c); *see Fainbrun v. Southwest Credit Sys.,* 2007 U.S. Dist. LEXIS 70956, at *3-4 (n.1) (E.D.N.Y. Sept. 25, 2007); *Vinson v. The City of New York,* 2007 U.S. Dist. LEXIS 23550, at *5-6 (S.D.N.Y. March 30, 2007). In light of such admission, there is no need for discovery of "evidence" that will demonstrate that Defendants' assertions made in support of their statement are false.

Moreover, a review of the Defendants' motion demonstrates that Alali's resort to Rule 56(f) is unfounded. Defendants' arguments are primarily supported Alali's own allegations (or lack of allegations) and the deposition testimony he provided in this action. Under paragraph 3(d) of the Court's scheduling order, such allegations and testimony are assumed to be true for purposes of Defendants' motion. In fact, in a similar context, this Court rejected the plaintiff's argument that a motion under paragraph 3(d) was premature due to the lack of discovery on the plaintiff's part. *See Poggioli v. Murphy,* 06 Civ. 12893 (CLB), Memorandum and Order dated July 26, 2007, at p.1.[1] Hence, to the extent Defendants relied on Alali's own complaint and deposition testimony, Alali cannot point to discovery or evidence he would need to oppose the motion, and in fact he has failed to do so.

Defendants cite certain proof beyond Alali's complaint and deposition, including: (i) Alali's extensive history of civilian complaints and command discipline; (ii) certain provisions of the NRPD Rules and Regulations and Manual of Procedure; and (iii) a video taken from Alali's police vehicle when he responded to a certain radio call. *Id.* at 22. But again, Alali has failed demonstrate in his attorney's affirmation what evidence he would seek in discovery to

---

[1] A copy of the Memorandum and Order is annexed hereto.

-3-

demonstrate the falsity of these records or how such "evidence" could create an issue of material of fact. In addition, having failed to file a statement as required by Local Rule 56.1(b), Alali must be deemed to have admitted the accuracy of such facts in any event.

Under these circumstances, Alali has failed to carry his burden on an application under Rule 56(f), and the Defendants' motion for summary judgment should be granted.

## Conclusion

Alali's attempt to forestall summary judgment by reference to Rule 56(f) should be rejected. For the reasons set forth in the Defendants' main motion, Commissioner Carroll, Captain Gazzola and the City of New Rochelle are entitled to summary judgment.

Dated: White Plains, New York
December 3, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants

Lalit K. Loomba (LL-9755)

3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Our file No. 07367.00056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH A. POGGIOLI,

                    Plaintiff,

    - against -

ANTHONY MURPHY, Individually;
KEVIN KEALY, Individually;
PATRICK J. CARROLL, Individually;
MYRON JOSEPH, Individually;
CITY OF NEW ROCHELLE, N.Y.,

                   Defendants.
------------------------------------------------------------x

06 Civ. 12893 (CLB)

*Memorandum and Order*

Brieant, J.

    Before the Court in this First and Fourteenth Amendment civil rights action (for First Amendment retaliation and denial of equal protection) is a Motion for Summary Judgment (Doc. 11) based on absolute immunity and/or qualified immunity.

    Plaintiff complains that the qualified immunity motion was filed properly in accordance with the Court's Scheduling Order, but that it is premature because although Plaintiff was deposed, Plaintiff has not conducted reasonable discovery, including depositions of the Individual Defendants. This argument is of no avail, since the Court's resolution of the motion assumes the truthfulness of the Plaintiff's deposition testimony, except to the extent, if any, of facial absurdity.

*Background*

1

Plaintiff was at relevant times a police officer for the City of New Rochelle ("the City"). Defendant Anthony Murphy served at relevant times as Deputy Commissioner of Police. Defendant Kevin Kealy was employed at relevant times as a Police Captain in the City. Defendant Patrick J. Carroll was at relevant times the Commissioner of Police of the City of New Rochelle, which is also sued as the employer. Defendant Myron Joseph was a Police Sergeant assigned to the Traffic Division.

In 1994, Plaintiff successfully sued two of the current Defendants, Commissioner Carroll and Deputy Commissioner Murphy (then a police Captain of New Rochelle), for Fourth Amendment civil rights violations, including breaking into his departmental locker and reviewing privileged notes from a meeting with his PBA attorney. In November 1996, he received a jury verdict of $155,000, of which the punitive damages were set aside as excessive, and a new trial ordered after Plaintiff declined to reduce them (94 civ 8313 (BDP)). *Meisels Aff. Exh. C.* The parties thereafter settled for an agreed payment understood to be in the neighborhood of $100,000.00.

On the morning of April 20, 2005, Plaintiff was called at his home and asked if he wanted to fill a special-duty detail for a private entity Persico Construction, at which he would direct traffic around a construction project at the intersection of Webster and Coligni Avenues in New Rochelle. He responded that he would. At some point on April 20, 2005, Defendant Sergeant Joseph received one or more telephone messages complaining about the traffic conditions at the intersection of Webster and Coligni, and at about 2:15 PM, he went to inspect

2

the intersection, observed that construction had ceased, and he spoke to the foreman. The foreman told Joseph that Plaintiff did not arrive at the site until after 1:00 PM. Joseph checked the special assignment duty log for April 20, 2005, and noted that Poggoli signed out at 12:00 Noon, and he informed Captain Kealy, first orally, and later by memorandum.

Captain Kealy preferred disciplinary charges against Plaintiff for having wrongfully sought and received compensation in the amount of $67.00 for an off-duty assignment. The charges dated May 19, 2005, were for Six Counts of Misconduct stemming from Plaintiff's submission of an overtime request in which he claimed to have worked from 12:00 noon until 3:30 PM on April 20, 2005, on the special police detail at the Persico construction site in New Rochelle; the evidence is overwhelming that Plaintiff was in Police Headquarters until just after 1:00 PM that day, and therefore could not have been on site at 12:00 as he claimed. Defendants note that after submitting a false claim, Plaintiff refused to acknowledge the falsity and refused an offer to accept discipline (30 day suspension without pay and a 6-month suspension from special-duty details), in settlement of the charges.

Hearings were conducted from December 2005 through July 2006. On April 24, 2007, Hearing Officer Robert Ponzini presented a Report and Recommendation to Captain Kevin Kealy, in which he found that Plaintiff did not start working on that detail until some time after 1:00 PM. He found that the allegations in the six counts were sustained by substantial evidence. On July 25, 2007, Plaintiff was discharged from his employment by the City.

Plaintiff claims that the disciplinary charges were brought to retaliate against him for bringing the 1994 lawsuit, and proposes to amend his Complaint, also to claim retaliation for giving speeches before the New Rochelle City Council when he served as PBA president, as recently as 2004. He also claims that other officers who have committed similar or worse offenses have not been treated as severely by being brought up on disciplinary charges. Plaintiff claims that the Defendants harbored intent to retaliate against Plaintiff for more than a decade and that they waited for the right set of circumstances to do so. *Oppos. at 11.*

Defendants claim that absolute immunity attaches to officers who report wrongdoing, initiate disciplinary hearings or testify at such hearings. While this is so, the Court declines to rule on the issue of absolute immunity, since as Plaintiff correctly points out, the scheduling order filed January 5, 2007 states that the qualified immunity motion "shall, in the absence of agreement of counsel, be limited to the issue of qualified immunity." *Scheduling Order at 1.*

Defendants alternatively claim that they are protected by qualified immunity, that Plaintiff cannot show that any protected speech activity substantially motivated the Defendants to make an adverse employment decision, nor that he was treated worse than any other police officer similarly situated.

*Qualified Immunity*

A public official is entitled to qualified immunity for acts taken in his or her official capacity, unless those acts violated clearly established Constitutional rights of which an

4

objectively reasonable official would have been aware. *See Harhay v. Town of Ellington Bd. of Educ.*, 323 F.3d 206, 211-12 (2nd Cir. 2003). The analysis is three-part. First, the Court must decide whether the plaintiff has alleged a violation of a Constitutional right. Second, the right alleged must have been clearly established at the time of the violation. Finally, the official will receive immunity if his or her actions were objectively reasonable. *Id. at 212.* Accepting plaintiffs' version of the facts as true, if a reasonable official would have believed that he or she was not violating plaintiffs' Constitutional rights, the Court should find qualified immunity. *See Bizzarro v. Miranda et. al.*, 394 F.3d 82, 86 (2nd Cir. 2005). "If plaintiffs' version of the facts reveals that the officials could reasonably have believed they were not violating plaintiffs' constitutional rights, [a] district court should [grant a] motion for summary judgment." *Id.* at 86.

Qualified immunity protects defendant Joseph who had a duty to report the result of his investigation, and did so truthfully. He was not a decision maker with respect to the alleged retaliation. Based on his receipt of the messages regarding the construction site traffic problems, his follow up and report to the Captain were reasonable and it was objectively reasonable for him to believe that in doing so he was not violating Plaintiff's clearly established constitutional rights. Accordingly, the motion for summary judgment as to Defendant Joseph is granted.

As for First Amendment retaliation, Plaintiff's 1994 action in federal court is too remote in time to provide a causal connection between it and the preferring of disciplinary charges in 2005. Plaintiff did not specifically allege speech on matters of public concern during his tenure as PBA President ending December 31, 2004, but seeks leave to so amend the Complaint. In his

5

deposition, Plaintiff testified:

> Numerous times as PBA president I publicly went on television, radio, and in front of city council chambers and criticized the police department, police commissioner, for numerous things during contract negotiations, labor disputes, problems within the police department. It was public, it was aired on television on several stations, radio stations, in the paper, through the citizens, council chambers.

*Poggioli p. 72.*

Plaintiff does not make a proffer as to what the content of his public speech was. Leave to amend the Complaint to do so is granted. However, any such allegations must reflect discussion of matters of public concern, and must be close in time to the alleged retaliation.

*Unequal Treatment and Selective Prosecution*

The Complaint alleges that the City has not held other employees accountable for other types of offenses such as a Clerk's Office employee selling drugs and the City Marshal who is an attorney, using public property and resources to run a private law practice. Such individuals are not similarly situated for purposes of Plaintiff's equal protection claim, but in his disciplinary hearings and depositions, he claimed that he and another officer, Officer Young, had previously submitted overtime sheets for work from 9:00AM to 6:00 PM, when they worked only from about 9:15 to 5:45.....and in his deposition, Plaintiff claimed that Officers Colotti, Pitsel and Vasquez were paid for off-duty work which they didn't perform.

This Court concludes that as to the individual Defendants other than Myron Joseph, the issue of qualified immunity is too fact intensive to be resolved on the present record, and must

6

await a trial.

Plaintiff may serve and file and amended complaint within thirty (30) days, if so advised, which may set forth any First Amendment protected statements made by Plaintiff in his work as PBA President, relied on as a motive for retaliation, and also to allege instances of unequal treatment or selective prosecution, which will be relied on.

The Court declines to make the finding contemplated by Rule 54(b) Fed.R.Civ.P. at this time.

A status conference with counsel shall be held on October 26, 2007, which conference shall also extend to *Poggioli v. Carroll*, 07 Civ. 6674.

X

                X

                        X

                              X

SO ORDERED.

7

Dated: White Plains, New York
July 26, 2007

                                                 _/s/ Charles L. Brieant_
                                                 Charles L. Brieant, U.S.D.J.

8